

ABRAHAM, FRUCHTER & TWERSKY, LLP

April 20, 2016

***By ECF Filing***

Hon. P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007-1312

      Re:    ***Engel v. Third Avenue Management Company LLC, et al.,***
             **No. 16-cv-01118-PKC**

Dear Judge Castel:

      I represent Daniel W. Krasner ("Krasner") and am writing with respect and in response to the April 18, 2016 letter by counsel for Plaintiff William Engel ("Engel") seeking appointment of the Zamansky firm as lead counsel in this action.

      Engel has not demonstrated any pressing need for appointing lead counsel prior to the Status Conference scheduled by the Court for June 1, 2016.  *See* Docket No. 46.  At that time, issues of consolidation and appointment of lead counsel can be discussed and, if necessary, a briefing schedule established.  However, on the current record, Engel has failed to make a showing that his counsel should be appointed lead based upon: (1) the quality of his pleadings being superior; (2) the vigor with which the claims have been prosecuted; or (3) the capabilities of counsel.  Engel Letter at p. 2 (Docket No. 54) (quoting and citing *In re Comverse Tech. Inc.*, No. 06 Civ. 1849 (RER), 2006 U.S. Dist. LEXIS 94235, at *9-11 (E.D.N.Y. Sept. 22, 2006); *In re Bank of America Corp. Sec. Litig.*, 258 F.R.D. 260, 271-73 (S.D.N.Y. 2009)).

**<u>Quality of Pleadings</u>**

      Krasner notes that his proposed complaint in intervention (the "Intervention Complaint") (Docket No. 48) does not represent his final work product with respect to pleading the claims in this action including demand futility.  Therefore, Engel's efforts at comparing his amended complaint with Krasner's Intervention Complaint are premature.

      Vice Chancellor Laster of the Delaware Court of Chancery has ordered expedited proceedings in Krasner's books and records action.  The Third Avenue Trust (the "Trust") has already filed its motion to dismiss and Krasner will, pursuant to a schedule set by Vice

---

NEW YORK   tel: 212.279.5050   fax: 212.279.3655      CALIFORNIA   tel: 858.764.2580   fax: 858.764.2582      **aftlaw.com**
One Penn Plaza, Suite 2805, New York, NY 10119      11622 El Camino Real, Suite 100, San Diego, CA 92130  

Hon P. Kevin Castel
April 20, 2016
Page 2 of 3

Chancellor Laster, be filing a brief opposing that motion to dismiss and in support of his motion for summary judgment by this Friday, April 22, 2016. Briefing is scheduled to be completed by May 6, 2016 with the Vice Chancellor issuing a ruling shortly thereafter. At that time, Krasner expects to file a more comprehensive complaint.

Since the Trust is a Delaware entity, demand futility in this action is governed by Delaware law under governing choice of law principles. *See, e.g., Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 108-09 (1991) (cited in *Waber v. Lewis (In re Bank of Am. Corp. Secs., Derivative, and ERISA)*, No. 09 Civ. 2058, 2013 U.S. Dist. LEXIS 59912, *40 (S.D.N.Y. Apr. 25, 2013) (Castel, J.)). Rule 23.1 of the Federal Rules of Civil Procedure and Delaware law require that demand futility in a derivative action, such as the case at Bar be alleged with particularity. *See, e.g., In re Bank of Am. Corp. Sec., Derivative, & ERISA Litigation*, 757 F. Supp. 2d 260, 337 (S.D.N.Y. 2010) (Castel, J.). Obtaining books and records represents the use of a tool at hand in order to satisfy that heightened pleading standard. *See, e.g., Brehm v. Eisner*, 746 A.2d 244, 266-67 (Del. 2000). Accordingly, the utility of obtaining books and records prior to filing a derivative complaint has been repeatedly endorsed by courts in Delaware, under whose law the Trust is organized. *See, e.g., White v. Panic*, 783 A.2d 543 (Del. 2001) (urging prospective plaintiffs to seek books and records in order to obtain particularized facts to avoid dismissal) (citing cases).

However, even without those books and records, Krasner believes that the quality of his Intervention Complaint is superior to the amended complaint filed by Engel. Thus, Krasner has made detailed allegations concerning the Trustees lack of independence which are completely absent from Engel's amended complaint. *Compare* Intervention Complaint ¶¶67a-k *with* Engel Amended Complaint ¶¶92-97. Also, in filing his amended complaint, Engel without explanation dropped claims against certain principals of Third Avenue Management LLC ("TAM") which advised the Third Avenue Focused Credit Fund (the "Fund"). In contrast, Krasner's Intervention Complaint retains those claims. *See* Intervention Complaint ¶¶18-19 and 68-77.

Engel also errs in contending that the class action breach of fiduciary duty claims asserted in the Intervention Complaint are subject to claims preclusion based upon the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. Law 105-353, 112 Stat. 3227 (Nov. 3, 1998). Instead, SLUSA specifically exempts from its coverage class actions "based upon the statutory or common law of the state in which the issuer is . . . organized . . . ." 15 U.S.C. §78bb(f)(3)(A)(i). Here, the Trust is organized under Delaware law and Krasner's class action claims for breach of fiduciary duty also arise under Delaware law making them exempt from SLUSA's provisions precluding certain class action claims. *See, e.g., Ind. Elec. Workers Pension Trust Fund v. Millard*, No. 07 Civ. 172 (JGK) 2007 U.S. Dist. LEXIS 54203, at *9 (S.D.N.Y. July 26, 2007) (citing *Lewis v. Termeer*, 445 F. Supp. 2d 366, 371-72 (S.D.N.Y. 2006)).

## Vigorousness of Prosecution

Engel filed the first shareholder derivative complaint. However, that cannot legitimately be considered a sign of vigorous prosecution especially since such early filing without the advantage of a comprehensive investigation has been strongly discouraged. *See, e.g., South v.*

Hon P. Kevin Castel
April 20, 2016
Page 3 of 3

*Baker*, 62 A.3d 1, 12 (Del. Ch. 2012) ("when a stockholder hastily files a . . . claim after the public announcement of a corporate trauma . . . but without first conducting a meaningful investigation, the plaintiff has not adequately represented the corporation.") (citing cases). This is particularly true where, as here, Engel's first filed complaint identified the wrong Trustees as the primary basis for alleging demand excusal.

In contrast to Engel's early filing, Krasner is actively attempting to obtain the full scope of books and records allowed by Delaware law. This includes filing a books and records complaint in Delaware on March 17, 2016 together with a motion to expedite the books and records proceedings as well as moving for summary judgment to obtain certain records which the Trust has refused to produce.

**Capabilities of Counsel**

Krasner does not understand Engel to be suggesting that the Zamansky firm is more capable than the other law firms appearing in this action to date. Krasner has no doubt that the Zamansky firm has enjoyed success in many of the cases it has litigated (albeit none of which yet appear to be shareholder derivative actions) and the same is true for Krasner's counsel.

*        *        *

Therefore, for all the reasons set forth above, Krasner respectfully requests that the Court not take any action at this time with respect to the appointment of lead counsel. These matters can be addressed together with the setting of a briefing schedule at the Status Conference currently scheduled for June 1, 2016.

Respectfully,

Jeffrey S. Abraham