UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>THIRD AVENUE MANAGEMENT COMPANY LLC, MARTIN J. WHITMAN, DAVID M. BARSE, WILLIAM E. CHAPMAN II, LUCINDA FRANKS, EDWARD J. KAIER, ERIC P. RAKOWSKI, MARTIN SHUBIK, CHARLES C. WALDER, and PATRICK REINKEMEYER,<br><br>Defendants,<br><br>THIRD AVENUE TRUST, a Delaware Business Trust,<br><br>Nominal Defendant. | Civil Action No.: 1:16-cv-01118-PKC |

**JOINDER AND MEMORANDUM OF LAW OF DEFENDANT DAVID M. BARSE
IN SUPPORT OF THE MOTION TO DISMISS
<u>THE AMENDED COMPLAINT</u>**

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
Scott A. Edelman
Robert C. Hora
Rachel Penski Fissell
28 Liberty Street
New York, New York 10005
Phone:  (212) 530-5000

*Attorneys for Defendant David M. Barse*

Defendant David M. Barse respectfully submits this Joinder and Memorandum of Law to Dismiss the Amended Complaint, seeking dismissal of the Amended Complaint against Mr. Barse and joining in the following briefs and arguments therein to the extent they apply equally to Mr. Barse, as described in more detail below: (i) Memorandum in Support of Motion by the Independent Trustee Defendants to Dismiss the Complaint (Doc. No. 70) (the "Trustee Brief"), (ii) Memorandum of Law of Defendant Third Avenue Management ("TAM") in Support of its Motion to Dismiss (Doc. No. 74) (the "TAM Brief"); and (ii) Joinder and Memorandum of Law in Support of Defendant Martin J. Whitman's Motion to Dismiss (Doc. No. 77) (the "Whitman Brief").

## ARGUMENT

**I.   PLAINTIFF FAILS TO PLEAD DEMAND FUTILITY.**

As an initial matter, Mr. Barse joins in the Independent Trustees' argument that Plaintiff has failed to adequately plead demand futility. (Trustee Br. § I.) In addition, Mr. Barse joins in TAM's argument that the Amended Complaint does not allege why it would have been futile to demand that the Board of Trustees (the "Board") sue non-Board defendants such as TAM in light of the fact that a lawsuit against TAM would not have threatened the *Board's* liability in any way. (TAM Br. Point 1.) Similarly, as Plaintiff acknowledges, Mr. Barse is no longer a board member (Am. Compl. ¶ 77), and thus it would not have been futile to demand that the Board sue Mr. Barse. *See Lambrecht v. O'Neal*, 504 F. App'x 23, 26 (2d Cir. 2012) (demand not excused with respect to board defendants when acquiring board faced no threat of personal liability for misconduct of former board defendants).

## II. PLAINTIFF FAILS TO ALLEGE A BREACH OF FIDUCIARY DUTY BY MR. BARSE.

As with the other Defendants, Plaintiff has failed to plead a claim for breach of fiduciary duty against Mr. Barse.  The Amended Complaint contains only the most superficial allegations related to Mr. Barse, and *no* allegations of any specific wrongdoing by him.  In fact, the allegations do little more than describe Mr. Barse's former position in the company as Chief Executive Officer, asserting only that Mr. Barse "led" TAM and "participated in the day-to-day management and decisions comprising the breach of fiduciary duty to the Fund . . . act[ing] in both a capacity as an officer of the Trust and Investment Advisor." (Am. Compl. ¶¶ 72, 75, 77, 84.)  Otherwise, the Amended Complaint merely groups Mr. Barse with the other Trustee Defendants (*id*. ¶¶ 32, 78-86) or TAM and Whitman (*id.* ¶¶ 72, 75, 77), and should be dismissed for the same reasons that the breach of fiduciary duty claims should be dismissed against the Independent Trustees (Trustee Br. §§ I.C., II), TAM (TAM Br., Point 2), and Mr. Whitman (Whitman Br., §§ I.A-B).

These sparse allegations are insufficient to state a claim for breach of fiduciary duty against Mr. Barse.  The gravamen of the Amended Complaint is a lack of oversight by the Board, which previously included Mr. Barse.  (*See, e.g.*, ¶¶ 78-86.)  As detailed in the Trustee Brief, in such instances, the *Caremark* standard applies (Trustee Br. § II.C.iii), requiring allegations that the Trustees either failed to implement the proper systems or controls or, having implemented a system, consciously failed to monitor or oversee its operations.  *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 123 (Del. Ch. 2009) (citations omitted).  Importantly, this requires a plaintiff to plead that "that the directors *knew* they were not discharging their fiduciary obligations or that the directors demonstrated a *conscious* disregard for their responsibilities such as by failing to act in the face of a known act." *Id*. (emphasis in original).

Further, the Trust Instrument contains a broad exculpation clause that protects the Trustees including Mr. Barse[1] from all actions other than those taken "by reason [of] willful misfeasance, bad faith, gross negligence or reckless disregard of the [Trustee's] duties." (Ex. 4, Trust Instrument § 10.1 (Doc. No. 71-4)).  Gross negligence requires allegations of "reckless indifference to or a deliberate disregard of the whole body of stockholders or actions which are without the bounds of reason."  *In re Bank of America Corp. Sec., Derivative, and ERISA Litig.*, No. 12 Civ. 4568(PKC), 2013 WL 1777766, at *16 (S.D.N.Y. Apr. 25, 2013) (quoting *Tomczak v. Morton Thiokol, Inc.*, 1900 WL 42607, at *12 (Del. Ch. Apr. 5, 1990) (internal quotation marks omitted)).

The Complaint's allegations related to Mr. Barse's leadership of TAM and participation in "the day-to-day management and decisions comprising the breach of fiduciary duty" are entirely conclusory, and come nowhere close to pleading that Mr. Barse knowingly or consciously disregarded his duties as Trustee, much less acted "without the bounds of reason." *See Citigroup*, 964 A.2d at 123; *Bank of America*, 2013 WL 1777766, at *16.  Indeed, the Amended Complaint does not allege that Mr. Barse was a member of either (1) the Fair Value Committee, which met regularly to review valuations of Fund positions determined by the Adviser (Am. Compl. ¶ 81) or (2) the Audit Committee, which reviewed internal controls for financial reporting (*id.* ¶ 82).  There is not a single allegation in the Amended Complaint as to "know[ing]" conduct or "conscious disregard" by Mr. Barse in breach of any duty in his role as Trustee or officer.  *Citigroup*, 964 A.2d at 123.  Further, that Mr. Barse served in a dual role as both Trustee and officer of TAM (Am. Compl. ¶ 84) says nothing about whether Mr. Barse was knowingly, or grossly, negligent in his oversight duties, and is insufficient to allege a breach of

---

[1] Mr. Barse is sued only in his capacity as Trustee (Am. Compl. ¶ 101), and thus this exculpation provision applies to the claims against him.

the duty of loyalty.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' . . . will not do.'") (citation omitted).  The fiduciary duty claim should therefore be dismissed against Mr. Barse.

### III.  PLAINTIFF CANNOT BRING A BREACH OF FIDUCIARY DUTY CLAIM BASED ON THE FUND'S ALLEGED VIOLATION OF THE 1940 ACT.

Mr. Barse joins in TAM's argument that the Amended Complaint should be dismissed for the additional reason that it is an attempted "end-run" around the Investment Company Act of 1940, which contains no private right of action for the purported lapses referenced in the Amended Complaint.  *See* TAM Brief, Point 3.

### CONCLUSION

Mr. Barse respectfully requests that this Court dismiss the Amended Complaint with prejudice.

Dated:  New York, New York
        June 17, 2016

BY: /s/ Scott Edelman

MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
Scott A. Edelman (sedelman@milbank.com)
Robert C. Hora (rhora@milbank.com)
Rachel Penski Fissell (rfissell@milbank.com)
28 Liberty Street
New York, New York 10005
Phone:  (212) 530-5000

*Attorneys for Defendant David M. Barse*