UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM ENGEL,

                    Plaintiff,                    16-cv-1118 (PKC)

      -against-                                        ORDER

THIRD AVENUE MANAGEMENT LLC, et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        By letter dated October 28, 2016, Daniel W. Krasner seeks to intervene in this derivative action. The Court finds Mr. Krasner's arguments for intervention to be substantially the same as those put forth in his letter filed March 3, 2016 (Dkt. No. 27) and supplemental filings,[1] which the Court construed as a motion to intervene (Dkt. No. 47), and ultimately denied (Dkt. No. 56). The Court assumes familiarity with this Court's April 21, 2016 Memorandum and Order (Dkt. No. 56). Mr. Krasner now asserts that he has obtained documents through his Delaware books and records action that support allegations of gross negligence. Accepting that as true, "[t]he mere fact that plaintiffs also assert additional and different claims from those asserted by the Proposed Intervenors does not render the former inadequate to represent the interests of the latter, particularly where, as here, the suit is brought derivatively on behalf of the corporation." (April 21, 2016 Memorandum and Order (Dkt. No. 56) (quoting In re Ambac Fin. Grp., Inc., Derivative Litig., 257 F.R.D. 390, 394 (S.D.N.Y. 2009))). The Court construes the

---

[1] Mr. Krasner supplemented his March 3, 2016 Letter (Dkt. No. 27) with a March 8, 2016 Letter (Dkt. No. 32) and a Reply Memorandum of Law filed April 11, 2016 (Dkt. No. 52).

October 28 letter as a motion by Mr. Krasner to intervene permissibly or as of right and the Court denies this application.

If proposed intervenor Krasner has information that may strengthen the claim of the derivative plaintiff in the above captioned action, he should promptly share it with the derivative plaintiff. If the claim is strengthened, Mr. Krasner benefits.

Mr. Krasner seeks leave to file an unredacted version of his Delaware complaint with this Court under seal, the publically filed version of which redacts confidential information obtained through his Delaware books and records action. Mr. Krasner has previously stated that the complaint must be filed under seal due to the terms of a confidentiality agreement. (Dkt. No. 52 at 2.) He asserts that if this Court gives him permission to do so, then the unredacted version of his Delaware complaint could be filed with this Court. None of Mr. Krasner's submissions indicate why or how this Court would be empowered to allow him to use this information. But assuming that the Court has such authority, then there ought not be a principled reason why Mr. Engel and his counsel ought not be able to use the information.

Having denied Mr. Krasner's request to file a motion to intervene, the Court need not address Mr. Krasner's abstention arguments. However, the Court notes that in addition to denying Mr. Krasner's request for a stay once already (Dkt. No. 47), further discussion of a stay took place at the June 1, 2016 pre motion conference, where the Court observed that a request to stay under similar circumstances was denied in In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig., 757 F. Supp. 2d 260, 345-46 (S.D.N.Y. 2010). (See June 1, 2016 Conference, Tr. 18-19 (Dkt. No. 67).)

The Court further notes its duty to dismiss any action over which it lacks subject matter jurisdiction, and that it may inquire into the matter sua sponte. Mr Engel is directed to

submit by January 16, 2017, portions of the trust documents, together with argument, sufficient to demonstrate the inapplicability of Americold Realty Trust v. ConAgra Foods, Inc., 136 S. Ct. 1012 (2016).  See U.S. Bank, N.A. v. UBS Real Estate Sec. Inc., No. 12-cv-7322 (PKC) (JCF), 2016 U.S. Dist. LEXIS 119890, at *32-42 (S.D.N.Y. Sep. 6, 2016).  Mr. Krasner's request to file a motion seeking intervention (Dkt. No. 92) is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 20, 2016